No. 24-1734

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 13, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| MICHIGAN DEPARTMENT OF ENVIRONMENT, GREAT LAKES, AND ENERGY; DANA NESSEL, People of the State of Michigan, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> GERALD R. FORD INTERNATIONAL AIRPORT AUTHORITY, <br><br> Defendant-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |

O R D E R

Before: BATCHELDER, COLE, and BUSH, Circuit Judges.

This matter is before the court upon a motion to dismiss for lack of jurisdiction.

In September 2023, the Michigan Department of Environment, Great Lakes, and Energy and the Michigan Attorney General on behalf of the People of the State of Michigan (State) filed an action in Michigan state court against Gerald R. Ford International Airport Authority (Airport) due to the presence of hazardous substances on Airport property. At the time, related multidistrict litigation (MDL) regarding the same substances was proceeding in the United States District Court for the District of South Carolina.

The Airport removed the action to federal district court under 28 U.S.C. § 1442(a)(1). The State moved to remand, and the district court granted the motion in December 2023. The Airport appealed the remand decision, and a panel of this court affirmed the district court's remand order. *Michigan Department of Environment, Great Lakes, and Energy, et. al. v. Gerald R. Ford*

*International Airport Authority,* No. 24-1085, 2024 WL 4867042, at *1 (Nov. 22, 2024, 6th Cir. 2024).

Following the district court's remand decision, the Airport filed a third-party complaint against nineteen defendants who manufactured or sold the hazardous substances contaminating the Airport property. Two of the third-party defendants filed a notice of removal under § 1442(a)(1). The same third-party defendants filed a notice that the Judicial Panel on Multidistrict Litigation had issued a conditional transfer order of the action to the MDL, which the State opposed.

Without challenging the propriety of the third-party defendants' removal, the State moved to sever its claims from the Airport's third-party claims. The State also asked that the district court decline supplemental jurisdiction over the claims against the Airport, *see* 28 U.S.C. § 1367(a), and remand those claims to the state court. On August 6, 2024, the district court granted the State's motion. The district court severed the State's claims against the Airport from the Airport's claims against the third-party defendants and remanded the State's claims to Michigan state court. At that point, the Airport's claims against the third-party defendants remained pending in the district court. However, in light of the severance and remand, the State withdrew its opposition to the conditional transfer order, and the matter was transferred to the MDL on August 20, 2024. The Airport filed a notice of appeal from the August 6, 2024, order, seeking to challenge the district court's decision to sever the State's claims against the Airport and remand those claims to state court.

The State now moves to dismiss the appeal for lack of jurisdiction. The State argues that neither of the rulings that the Airport seeks to challenge is appealable. First, the State argues that the district court's decision to sever its claims is not a final order, nor is it appealable under any exception to the final-judgment rule. The State next argues that the Airport is improperly using this appeal to litigate the propriety of removal of the case when that issue was already being litigated in appeal No. 24-1085. As this court has since rendered a decision in that appeal, we reject those concerns.

We have jurisdiction to review final orders of the district court under 28 U.S.C. § 1291. "[A] 'final decision' is one that ends the litigation on the merits and leaves nothing for the court

to do but execute the judgment." *See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*, 571 U.S. 177, 183 (2014) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Where remand orders are concerned, 28 U.S.C. § 1447(d) limits our appellate jurisdiction. That statute provides that: "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The statute contemplates two exceptions: "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 . . . shall be reviewable by appeal or otherwise." *Id.* The Supreme Court has clarified that if either § 1442 or § 1443 was invoked in the underlying notice of removal, a remand order is reviewable in its entirety on appeal. *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1536-37, 1543 (2021).

The third-party defendants removed this action to federal court pursuant to § 1442. Ostensibly, this would render the remand order eligible for our review. Not so, the State asserts. The State contends that the district court's August 6, 2024, order to sever its claims is not a final order because it is not "an order remanding a case" under § 1447(d). The State argues that the order severing its claims was made pursuant to Federal Rules of Civil Procedure 14 and 21 and thus is outside the plain text of § 1447(d). They also argue that the collateral order doctrine is not applicable because the decision to sever the State's claims is reviewable following final judgment.

In response, the Airport argues that removal involves the entire case—not individual claims—and that the plain language of § 1447(d) gives this court jurisdiction over the entire order granting remand. As a result, the issues of severance and supplemental jurisdiction are reviewable on appeal.

Severing claims in a case "creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Kitchen v. Heyns*, 802 F.3d 873, 874-75 (6th Cir. 2015) (citing *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 & n.17 (7th Cir. 2006) (collecting cases)). Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits, and the dismissal of one of the severed actions is a final order in that case, much like the dismissal of any single action. *Id.* at 875. Like other final orders, we have

appellate jurisdiction over an appeal from a final order in a severed action. *Id.* (citing *Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011); *Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361-62 (2d Cir. 1974)).

The district court's severance order in this case resulted in two separate cases: the State's action against the Airport, which was remanded to state court, and the Airport's action against the third-party defendants, which was subsequently transferred to the MDL. We cannot accept the State's contention that the district court's August 6, 2024, order is not "an order remanding a case." Had the district court merely severed the State's claims and left other claims pending, that decision would not have been immediately appealable, as the State has argued. But the district court's August 6, 2024 order did not only sever the State's claims against the Airport from the Airport's claims against the third-party defendants; it *also* remanded the State's claims to state court instead of exercising supplemental jurisdiction over them, as the Airport argues. At that point, no claims in the action remained, rendering the district court's order final and appealable.

Even if we were to accept the State's argument that the district court's order to sever is not reviewable in the context of its remand, any aspect of a remand order that is distinct and separable from the remand proper—including decisions to dismiss claims or parties—is appealable under the "collateral order doctrine." *See Holt-Orsted v. City of Dickerson*, 641 F.3d 230, 236 (6th Cir. 2011) (describing "collateral order doctrine"); *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143-44 (1934) (dismissal of third-party defendant is reviewable); *see also J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 271 (7th Cir. 1990) (even if a district court has properly refused to exercise jurisdiction over pendent state law claims, the dismissal of federal claims giving rise to the removal is reviewable). This is because these decisions (1) conclusively determine the disputed question, (2) resolve an important question completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (explaining requirements to review orders under the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)).

We therefore have jurisdiction to review the district court's decision to sever and remand the State's claims against the Airport.

The motion to dismiss for lack of jurisdiction is therefore **DENIED**.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_
Kelly L. Stephens, Clerk